,SAMUEL D. McNEILLY, Respondent, *v.* LACKAWANNA BRIDGE COMPANY, Appellant.

*McNeilly* v. *Lackawanna Bridge Co.*, 165 App. Div. 947, affirmed. (Argued March 11, 1918; decided March 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 16, 1914, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant, his employer. The complaint alleged that plaintiff was in

the employ of defendant engaged in thawing out and repairing a water pipe, which water pipe plaintiff was directed by defendant to thaw out and repair by going upon a platform which ran underneath the northerly crane rail over which passed a traveling crane, about three or four feet above this platform; that while plaintiff was at work on said platform, and in the exercise of proper care and caution, he was struck by said traveling crane and his right arm was crushed and injured. It further alleged that defendant was negligent in failing to provide and promulgate sufficient and proper rules governing the operation of said crane, the use of said platform, and the conduct of said work; in directing and allowing inexperienced men and incompetent men to run and use said crane; in failing to properly instruct and warn the men operating said crane; in permitting dangerous and careless methods of work and dangerous and careless use of said crane; in failing to equip said crane with proper signals of warning, and in failing to furnish sufficient and proper means and safeguards for the protection of the men engaged upon said platform; in allowing and permitting a dangerous and defective condition to exist and continue in its ways, works and machinery, and plant, which could have been discovered by and was known to the defendant; in allowing, directing and permitting said crane to be operated while said repair work was being done without notice or warning to plaintiff; and in failing to furnish plaintiff with a safe place to work, and in failing to safeguard and protect him therein.

The answer alleged assumption of risks, contributory negligence and negligence of a fellow-servant.

*Francis F. Baker* for appellant.

*Ralph S. Kent* for respondent.

Judgment affirmed, with costs; no opinion.

Concur; HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ.